O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   SA CV 13-0418-DOC                                 Date:  February 19, 2014
                 SA CR 11-0259-DOC

Title: MANUEL VALADEZ GONZALEZ V. UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

Before the Court is Petitioner Manuel Valadez Gonzalez's ("Petitioner") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. 1).  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.

**I.   Background**

On March 12, 2012, Manuel Valadez Gonzalez pleaded guilty to one count of violating 8 U.S.C. § 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation or Removal.  *See* Judgment (11-269 Dkt. 35).  On or about July 8, 1997, Petitioner pleaded guilty to Possession of Narcotics for Sale in violation of California Health and Safety Code § 11351.  *See* Opp'n Ex. B at 4.  As a result, Petitioner was removed to Mexico on May 29, 1998.  *See* Opp'n Ex. C at 1.

Petitioner was removed from the United States again on January 6, 1999, May 19, 2000, and July 17, 2005.  On September 29, 2011, the United States Attorney filed a criminal complaint against Petitioner with the instant charge under 8 U.S.C. § 1326.  Petitioner pleaded guilty to the charge on December 21, 2011.  The Presentence Report

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0418-DOC								Date: February 19, 2014
											Page 2

calculated an offense level of 17 and a criminal history category of IV.  The Court sentenced Petitioner to thirty-seven months imprisonment on March 12, 2012.  *See* Judgment.

Petitioner filed this motion on March 11, 2013.  Petitioner makes the following arguments: 1) he received ineffective assistance of counsel because his attorney failed to collaterally attack his underlying removal order; 2) he received ineffective assistance of counsel because his attorney failed to object to the 16-level sentencing enhancement for a conviction for an "illicit trafficking offense."

## II.     Legal Standard

Section 2255 permits federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Where the petitioner does not allege lack of jurisdiction or constitutional error, relief under § 2255 is inappropriate unless the alleged error resulted in a "complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure."  *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995).  It is important to note that "relief is not available merely because of error that may have justified reversal on direct appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Petitioner requests relief under 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel in violation of the Sixth Amendment.

There is a two prong test to challenge guilty pleas based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985).  First, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id*. at 57 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)) (commonly referenced as the "performance requirement").  Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial . . . ."  *Hill*, 474 U.S. at 59.  This second prong is commonly referenced as the "prejudice requirement."  Judicial scrutiny of counsel's performance is "highly deferential."  *Strickland*, 466 U.S. at 689.  Consequently, there is a presumption that "counsel's conduct falls within the wide range

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0418-DOC                                     Date: February 19, 2014
                                                                                                                                 Page 3

---

of reasonable professional assistance [and] that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

### III. Discussion

       a. Failure to Collaterally Attack Removal Order

Petitioner argues that had his counsel collaterally attacked the underlying removal order, the Court may have found the removal order invalid and dismissed the indictment. Petitioner presents two possible grounds for finding the removal order invalid: 1) he was not, in fact, convicted of an aggravated felony; and 2) his due process rights were violated because the IJ may not have advised him of voluntary departure, cancellation of removal, or judicial review.

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate–Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998). A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Mendoza–Lopez,* 481 U.S. 828, 837-38 (1987). To sustain a collateral attack under § 1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is "fundamentally unfair" if: "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047-48 (9th Cir. 2004) (internal citation and quotation marks omitted).

The criminal complaint lists all four of Petitioner's prior removals and states that "at least one" occurred after an aggravated felony (the § 11351 conviction). It is thus not clear which deportation hearing Petitioner alleges violated his due process rights. Petitioner's 1998 "Warning to Alien Ordered Removed" reads: "you are prohibited from entering, attempting to enter, or being in the United States . . . At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0418-DOC						Date: February 19, 2014
											Page 4

States, and you have been convicted of a crime designated as an aggravated felony." *See* Opp'n Ex. C.  The 1999 and 2001 removals were both pursuant to reinstatements of the 1998 order.  *See* Opp'n Ex. D, E.  It appears the 2005 removal was based solely on the fact that Petitioner was an alien in the United States without being admitted or paroled. *See* Opp'n, Ex. F.  The factual basis for Petitioner's plea to the instant offense lists all four prior removals.  Opp'n Ex. G.

First, it is the Petitioner's burden to prove both that the underlying removal order deprived him of the opportunity for judicial review, and that entry of the order was fundamentally unfair.  *Ubaldo-Figueroa,* 364 F.3d at 1048.  But Petitioner has submitted no evidence, not even his own declaration, stating that he was not advised of his right to appeal, voluntary departure, or cancellation of removal.  The Court thus has no basis on which to evaluate these claims.

Second, Petitioner's claims regarding cancellation of removal and voluntary departure can only stand if Petitioner's conviction does not, in fact, constitute an aggravated felony.  An alien may only voluntarily depart if he or she has not been convicted of an aggravated felony.  *See* 8 U.S.C. § 1229c(a)(1); 8 U.S.C. § 1227(a)(2)(iii).  Similarly, cancellation of removal is not available to an alien convicted of an aggravated felony.  *See* 8 U.S.C. § 1229(a)(3).  Furthermore, it does not appear that Petitioner was ever admitted to the United States, another prerequisite for cancellation of removal.  *See* 8 U.S.C. (a)(1), (2).  Although there is some question regarding the use of "admission" in the voluntary removal statute, the Attorney General has issued regulations limiting voluntary removal to only those with no aggravated felony conviction, regardless of lawful or unlawful entry.  *See* 8 C.F.R. § 1240.26(b)(1)(i)(E); 8 C.F.R. 1228(b)(5). Finally, if Petitioner was in fact convicted of an aggravated felony, the Court does not see how he can show prejudice; an aggravated felony would render Petitioner removable and ineligible for almost any form of relief.  *See United States v. Arellano-Gaeta*, 2013 WL 692801, at *1 (C.D. Cal. Feb. 25, 2013); *United States v. Rodriguez-Saucedo*, 2009 WL 4981623, at *3 (S.D. Cal. Dec. 15, 2009).  The Court therefore addresses whether the underlying conviction is an aggravated felony.

A conviction for possession for sale under California Health and Safety Code § 11351 is not categorically a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  *See Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010). To qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), a conviction must be for "illicit trafficking in a controlled substance (as defined in section 802 of Title 21),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0418-DOC                                        Date: February 19, 2014
                                                                 Page 5

including a drug trafficking crime (as defined in section 924(c) of Title 18)." Petitioner's conviction must therefore be a felony punishable under the Controlled Substances Act, 21 U.S.C. 802. Because the California statute criminalizes a variety of substances not included in the CSA, Petitioner's conviction is not categorically an aggravated felony. *See Cheuk Fung*, 600 F.3d at 1034.

If a conviction is not categorically an aggravated felony, the Court may engage in the modified categorical analysis only if the statute of conviction is divisible. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). A statute is divisible if it includes multiple possible elements, some of which constitute an aggravated felony and some of which do not. *Id.* at 2281. If a statute is divisible, the Court may look to a narrow range of conviction documents to determine under which element a defendant was convicted. *Id.* These documents are: "the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal citations and quotation marks omitted).

The Court thus looks to the statute of conviction to determine whether it is "divisible" and the modified categorical approach applies. Section 11351 provides the following:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for two, three, or four years.

Cal. Health & Safety Code § 11351. The statute lists several possible legal sources for the type of substances that would trigger a violation. Because the statute lists multiple possible elements any one of which would constitute a violation of the statute, the statute is divisible and the modified categorical approach can be applied in this case.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0418-DOC                                        Date: February 19, 2014
                                                                                             Page 6

---

      The Court therefore turns to the plea documents to determine whether the element that Petitioner was actually convicted of would also satisfy the requirements of an aggravated felony.  The "Guilty Plea in the Superior Court" shows Petitioner's initials next to the following statement:

> I offer to the court the following facts as the basis for my plea of guilty to a felony: On 1/4/97, in Orange county I unlawfully possessed a usable quantity of cocaine and heroin, knowing said drugs were illegal and on 3/24/97 in Orange County I unlawfully possessed for sale heroin, having been released on bail or OL on another offense of HS 11351.

Opp'n Ex. B.  Heroin is included in the Controlled Substances Act.  *See* 21 U.S.C. § 812.  Petitioner's conviction therefore qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(b).  *Rendon v. Mukasey,* 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.").

      Because Petitioner was convicted of an aggravated felony, he was not eligible for any form of relief from deportation, and he was not prejudiced by his counsel's failure to challenge his underlying removal order.  Even if it were possible that his conviction did not constitute an aggravated felony, Petitioner has failed to produce any evidence whatsoever that he was deprived of due process at his removal hearing, and so has failed to meet his burden to show fundamental unfairness.

                b.    Failure to Object to Sentencing Enhancement and PSR

      Petitioner also challenge his counsel's failure to object to the sixteen-level enhancement the Court applied under United States Sentencing Guideline § 2L1.2 for a "drug trafficking offense."  A drug trafficking offense is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance." U.S.S.G. § 2L1.2 Application Notes (1)(B).  Violations of Health and Safety Code § 11351 are not categorically drug trafficking crimes.  *See United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012).

      As discussed in the previous section, the statute of conviction is divisible.  The Court therefore turns to "the charging document, the terms of a plea agreement or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0418-DOCDate: February 19, 2014
Page 7

---

transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information . . . including, but not limited to, a clerk's minute order." *Id*. at 1168. As discussed in the previous section, the factual basis listed on the guilty plea and acknowledged by Petitioner at the time of the plea states that Petitioner "unlawfully possessed for sale heroin." Opp'n Ex. B. Heroin is a controlled substance under the CSA, and so the conviction qualifies as a "drug trafficking offense" under the modified categorical approach. *See Leal-Vega*, 680 F.3d at 1168; 21 U.S.C. § 812.

The sixteen level enhancement was thus properly applied. At a minimum, then, Petitioner cannot meet the prejudice prong of *Strickland*.

   c. Certificate of Appealability

The Court declines to issue a Certificate of Appealability under 28 U.S.C. § 2253 because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(C)(2).

**IV.** **Disposition**

Petitioner's Motion is DENIED, and the Court DENIES a Certificate of Appealability.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11Initials of Deputy Clerk: jcb
CIVIL-GEN